**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

MONTELL L. FISHER,            )
                              )
         Petitioner,          )
                              )
    v.                        )     No. CIV-09-260-FHS
                              )
EMMA WATTS, WARDEN,           )
                              )
         Respondent.          )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Jackie Brannon Correctional Center in McAlester, Oklahoma, appearing pro se, has filed with this court a petition seeking federal habeas corpus relief.

On May 28, 2009, plaintiff filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 in the United States District Court for the Western District of Oklahoma. His case was later transferred to this court. In that petition, petitioner is attacking a disciplinary report in which earned credits were revoked on February 11, 2008.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under Sec.

1

2241 or Sec. 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(citing Coleman, 501 U.S. at 731). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254 (b). See Clonce v. Presley, 640 F. 2d 271, 273 (10th Cir. 1981) and Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 ( 10th Cir. 1994). "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." Pickard v. Connor, 404 U.S. 270, 275 (1971).

After a careful review of the record, the court finds that petitioner does have a state court remedy and has failed to exhaust this remedy. Petitioner could have appealed the decision of the State District Court to the Oklahoma Court of Criminal Appeals. Petitioner failed to do so. As a result, petitioner failed to exhaust his state court remedies.

**ACCORDINGLY**, petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 28th day of September, 2009.

/s/ Frank H. Seay
Frank H. Seay
United States District Judge